IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon M. Tallberg,<br><br>   Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>   Defendant. | No. CV-24-00849-PHX-JJT (CDB)<br><br>**ORDER** |

  Before the Court is the Report and Recommendation (Doc. 19, "R&R") submitted by United States Magistrate Judge Camille D. Bibles recommending the Court should affirm the Commissioner's decision denying Plaintiff Jon M. Tallberg's disability-based claims and dismiss his Complaint (Doc. 1) with prejudice. Plaintiff timely filed Objections (Doc. 20, "Obj.") to the R&R, and Defendant filed a Response thereto (Doc. 21, "Resp").

  In his Objections, Plaintiff assigns three errors to Judge Bibles's conclusions in her R&R. First, Plaintiff asserts that "substantial evidence does not support the ALJ's decision to find [Plaintiff's] headaches not severe." (Obj. at 2.) Defendant's Response directly answers this objection with specificity and record citations showing that Plaintiff frequently denied headaches and photophobia, that Botox treatments significantly improved the frequency and intensity of his headaches by 90 to 95 percent, and that different providers often described his headaches—as Defendant fairly characterized in his Response—as "not intractable." (Resp. at 2.) All of this is to say, as Judge Bibles did, that the evidence is "susceptible to more than one interpretation, one of which supports the

ALJ's decision." (R&R at 51.) For that reason alone, the Court would uphold the ALJ's decision on this issue.[1]

Second, Plaintiff urges that the ALJ improperly evaluated and discounted Nurse Practitioner Rose's opinion. In his Objection, Plaintiff appears to acknowledge that pursuant to *Kitchen v. Kijikazi*, 82 F. 4th 732 (9th Cir. 2023), an ALJ may discount a medical opinion set forth on a check box form. Nonetheless, he argues that should not happen here because Ms. Rose provided other proper support for her opinion, to include mention and reference to migraine history with "failure of treatment" and "xrays, ankylosing spondylitis of spine, SI joint concerns." (Tr. 1248, 1258.) The question, then, is whether the other information Ms. Rose communicated in her report form was adequate to take her opinion outside the ambit of *Kitchen*. *Kitchen* approves of the discounting of a medical opinion "set forth in a checkbox form *with little to no explanation*." 82 F. 4th at 741 (emphasis supplied). Thus, the critical question here is whether Ms. Rose's addition of verbiage indicating simply "migraine history with failure of treatment" and "xrays, ankylosing spondylitis of spine, SI joint concerns" is "little to no explanation" or not. The Court concludes, as did Judge Bibles, that it is not sufficient explanation to compel the ALJ to credit Ms. Rose's opinion. The Court also finds, for the reasons set forth in both the R&R and the Response, that Ms. Lacey's assessment does not support Ms. Rose's opinion because it was scoped not to address Plaintiff's limitations based on his headache symptoms.

Finally, Plaintiff objects to Judge Bibles's recommendation that the Court affirm the ALJ's evaluation and discrediting of Plaintiff's testimony regarding symptoms. The Court agrees with Judge Bibles that the several record indications that Plaintiff's symptoms significantly improved with treatment, as well as Plaintiff's inconsistent reporting of symptoms, stand to contradict his allegations in the administrative proceeding. This would include the multiple record instances that Plaintiff himself reported as much as 90 to 95

---

[1] As Defendant noted in his Response, even if the ALJ did err here, such error would have been harmless as he found in Plaintiff's favor at Step Two by concluding Plaintiff had several severe impairments; moreover the ALJ considered all impairments, including non-severe impairments like Plaintiff's migraine headaches, while evaluating Plaintiff's RFC at Step Four.

1 percent improvement in his migraine symptoms with treatment, as opposed to return of
2 symptoms when treatment was delayed or missed, and those record reports from Plaintiff
3 denying headache or photophobia. Substantial evidence thus existed from which the ALJ
4 could reasonably have concluded Plaintiff's symptom testimony was effectively
5 contradicted by other record evidence.

6  For all of the above reasons,

7  **IT IS ORDERED** overruling Plaintiff's Objections (Doc. 20).

8  **IT IS FURTHER ORDERED** adopting in whole the 61-page R&R in this matter
9 (Doc. 19).

10  **IT IS FURTHER ORDERED** affirming the ALJ's decision as adopted by
11 Defendant Commissioner of Social Security Administration Leland Dudek, and dismissing
12 with prejudice the Complaint (Doc. 1) in this matter. The Clerk of Court shall enter
13 judgment accordingly and terminate this case.

14  Dated this 10th day of June, 2025.

Honorable John J. Tuchi
United States District Judge